THE STATE OF OHIO, APPELLEE, v. JOSEPH, APPELLANT.

(No. 69-693—Decided February 17, 1971.)

*Mr. Melvin G. Rueger*, prosecuting attorney, and *Mr. Carl W. Vollman*, for appellee.

*Mr. Eugene D. Smith* and *Mr. Ambrose H. Lindhorst*, for appellant.

*Per Curiam.* The narrative portion of the affidavit stated as follows:

"On information that the third floor at 2411 Upland Pl. is used for parties in which marihuana parties are being held and further that a purchase of marihuana was

made through an informant on 24 November 1967 and that further on 2 December 1967, Ivan Singleton, Vernon Smith and Robert Smith did smell the odor of burning marihuana eminating [sic] from the third floor of this building. Surveillance also of this residence indicates that it is frequented by young persons late at night.''

The sufficiency of search warrants issued under state law must be tested against the federal constitutional standards regarding probable cause prescribed by the United States Supreme Court. *Mapp* v. *Ohio* (1961), 367 U. S. 643, 6 L. Ed. 2d 1081; see *Ker* v. *California* (1963), 374 U. S. 23, 10 L. Ed. 2d 726.

It is clear that in the above affidavit the affiant-officer relied upon hearsay information instead of his personal observation. Where probable cause is concerned, an affidavit based upon such information must conform to the standards prescribed by the United States Supreme Court in *Aguilar* v. *Texas* (1964), 378 U. S. 108, 12 L. Ed. 2d 723, and followed in *Spinelli* v. *United States* (1969), 393 U. S. 410, 21 L. Ed. 2d 637.

The test which we are bound to apply is set forth in *Aguilar*, at pages 114-115:

''Although an affidavit may be based on hearsay information and need not reflect the direct personal observation of the affiant, *Jones* v. *United States*, 362 U. S. 257, *the magistrate must be informed of* [1] some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and [2] some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf* v. *United States*, 376 U. S. 528, was 'credible' or his information 'reliable.' Otherwise, 'the inferences from the facts which lead to the complaint' will be drawn not 'by a neutral and detached magistrate,' as the Constitution requires, but instead, by a police officer 'engaged in the often competitive enterprise of ferreting out crime * * *.' '' (Emphasis added.)

In passing upon the sufficiency of probable cause to issue a search warrant, we may consider only the informa-

tion actually conveyed to the issuing magistrate. *Aguilar* v. *Texas, supra; Giordenello* v. *United States* (1958), 357 U. S. 480, 2 L. Ed. 2d 1503. In the instant case, no information was conveyed to the issuing judge other than the allegations contained in the affidavit. Therefore, our analysis on the question of probable cause is restricted to the contents of the affidavit.

We are mindful that affidavits such as the one in this case are usually drafted by non-lawyers in the haste of criminal investigation and, hence, "must be tested and interpreted by the magistrate and the courts in a common-sense and realistic fashion," lest through a negative attitude on the part of reviewing courts, police officers be discouraged from submitting evidence to a judicial officer before acting. *United States* v. *Ventresca* (1965), 380 U. S. 102, 108, 13 L. Ed. 2d 684. However, the pronouncements of *Aguilar* require a conclusion that the affidavit at bar is clearly defective. The allegations are unilluminated by any underlying circumstances upon which the informants based their conclusions and are devoid of underlying circumstances from which the affiant-officer could have concluded that the informants were credible, or their information reliable.

It should be noted that the affiant-officer was personally aware of additional information which he never conveyed to the magistrate. The record reveals that at least one of the informants, a police officer who made an undercover visit to the apartment prior to the issuance of the warrant, recognized the odor of burning marihuana emanating from the apartment. Cf. *Johnson* v. *United States* (1948), 333 U. S. 10, 13, 92 L. Ed. 436. He conveyed his observations directly to the affiant-officer. However, proof of such facts subsequent to the issuance of the search warrant cannot cure the deficiencies of the affidavit. *Aguilar* mandates that only information brought to the issuing magistrate's attention is relevant to the existence of probable cause.

Since the appellant's conviction was based solely upon evidence acquired under an invalid search warrant, the

conviction is void and final judgment is entered for the appellant. See *Akron* v. *Williams* (1963), 175 Ohio St. 186, 192 N. E. 2d 63.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, DUNCAN, STERN and LEACH, JJ., concur.

SCHNEIDER, J., concurs in the judgment for the reason that there was an absence of proof of knowledgeable possession upon the part of the defendant.

HOLMES, J., dissenting. I must dissent in this matter in that I feel the affidavit as submitted to the Municipal Court is not defective. I believe it to be a valid affidavit, both as to the degree of illumination of the underlying circumstances upon which the informants based their conclusions as well as the prevalence of the underlying circumstances from which the affiant-officer, as well as the magistrate, could have concluded that the informants were credible, or their information reliable.

I arrive at the foregoing conclusion believing that Judge Kraft, the judge of the Cincinnati Municipal Court who issued the search warrant, did so only after reviewing the total contents thereof, and in the light and knowledge of the particular affiant presenting such affidavit.

It is not unreasonable to assume that officer Mulligan, having been a police officer for the city of Cincinnati for 13 years, and attached to the special division of the narcotics squad in the vice-control division for a period of seven years, was well known to Judge Kraft.

Now let us review each part of the affidavit as it might relate to the tests as set forth in *Aguilar* v. *Texas* (1964), 378 U. S. 108, 12 L. Ed. 2d 723, and as followed in *Spinelli* v. *United States* (1969), 393 U. S. 410, 21 L. Ed. 2d 637.

In essence, as referred to by the majority, *Aguilar* mandates that where there is hearsay information contained in the affidavit, as in this instance, such case requires that the magistrate be informed of (1) some of the

underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and (2) some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable.

The first allegation as contained in the affidavit was that "On information that the third floor at 2411 Upland Pl. is used for parties in which marihuana parties are being held * * *." Standing alone, this portion of the allegation means very little.

The next portion of such affidavit gives the instrument its basic strength and validity; it states: "* * * and further that a purchase of marihuana was made through an informant on 24 November 1967 * * *." Here, we have quite a different situation. There is not a mere relation of observed activities, but an actual participation in a purchase of marihuana by the informant on a given date.

By the wording of the affidavit concerning this purchase of marihuana by the informer, such transaction could reasonably be viewed, not as a happenstance sale and purchase, but one that the affiant and the narcotics squad had known about from its inception. Such connotation may well be placed upon the word *through*, as used in the clause "a purchase of marihuana was made *through* an informant." I perceive that the use of such word indicates the established practice in that police department of purchasing such drugs through known informers used by the narcotics squad.

The affidavit reveals further that "* * * on 2 December 1967, Ivan Singleton, Vernon Smith and Robert Smith did smell the odor of burning marihuana eminating [*sic*] from the third floor of this building."

The record will show that one of such informants, Ivan Singleton, was a police officer on the Cincinnati police force, and working with the narcotics division, and more particularly with officer Mulligan, the affiant, and it is not unreasonable to assume that the latter had prior occasion to know personally and to rely upon the abilities of officer Singleton.

The affidavit states further: "* * * Surveillance also on this residence indicates that it is frequented by young persons late at night." This statement evidences a personal observance by the affiant of conditions surrounding the premises. The coming and going of young people in the late hours of the night, coupled with the other statements as made by informants relative to the smell of marihuana, lend a reasonable sense of continuity to the tale as told by the affidavit.

The mere absence of such a phrase as that the informant was "credible," or that his information was "reliable" does not make either the informant or his information the less credible or reliable, if it be shown that such were, in fact, so.

True, we must adhere to the mandates of *Aguilar* and *Spinelli,* but I am not disposed to extend their holdings in any manner beyond the periphery of their meaning.

We must view the contents of such affidavits in a reasonable manner. The wording of such affidavits should be measured by the standards of an officer of the law—not of a professional journalist or writer.

As stated in *United States* v. *Ventresca* (1965), 380 U. S. 102, 108, 13 L. Ed. 2d 684:

"* * * Affidavits for search warrants * * * must be tested and interpreted by magistrates and courts in commonsense and realistic fashion. * * *"

The search warrant in this case was valid in that, read in its totality, and applying a reasonable and common sense meaning thereto, officer Mulligan's affidavit did provide a sufficient basis for a judicial finding of probable cause.

HOLMES, J., of the Tenth Appellate District, sitting for CORRIGAN, J.