The State of Ohio, Appellant, *v.* Graddy,
Appellee.

[Cite as State v. Graddy (1978), 55 Ohio St. 2d 132.]

(No. 77-1074—Decided July 19, 1978.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Carmen M. Marino,* for appellant.

*Jacobs, Jacobs & Ziskind Co., L. P. A., Mr. Thomas L. Jacobs* and *Mr. Russell S. Bensing,* for appellee.

STEPHENSON, J. Two propositions of law are advanced in this court by the state to sustain the judgment of conviction. In substance, they are (1) that the search warrant was properly issued upon a sufficient showing of probable

cause, and (2) sufficient evidence that the defendant possessed drugs with the intent to sell them was presented in the trial court to support the jury verdict of guilty. We reach the second issue only in the event we sustain the state's first proposition of law.

This court has previously enunciated the controlling legal principles that must be applied in a determination of the sufficiency of probable cause for the issurance of a search warrant where hearsay information from an informant is utilized, in whole or in part. See *State* v. *Gill* (1977), 49 Ohio St. 2d 177; *State* v. *Karr* (1975), 44 Ohio St. 2d 163; *State* v. *Haynes* (1971), 25 Ohio St. 2d 264; *State* v. *Joseph* (1971), 25 Ohio St. 2d 95.

Briefly summarized, this court is required to apply the federal constitutional standards of probable cause as pronounced by the United States Supreme Court. *State* v. *Joseph, supra*. The recurring polestar and fundamental theme in such pronouncements is that the constitutional mandate of the Fourth Amendment that "no warrants shall issue but upon probable cause" requires the interposing of a neutral magistrate between the officer and a citizen's right of privacy (see *Johnson* v. *United States* [1948], 333 U. S. 10), and that the magistrate be presented with facts so that he, the magistrate, may determine that probable cause exists for issuing the warrant. In short, the belief or conclusion of the affiant, or the informant in a situation where hearsay is furnished by informant to the affiant, without presentation of the facts to the magistrate upon which the conclusion is based, is constitutionally an insufficient basis upon which the magistrate may determine the existence of probable cause. *Nathanson* v. *United States* (1933), 290 U. S. 41; *Jones* v. *United States* (1960), 362 U. S. 257.[1]

---

[1] A corollary of this requirement is that, upon appellate review, only information brought to the attention of the magistrate may be considered. *Aguilar* v. *Texas* (1964), 378 U. S. 108, fn. 1; *State* v. *Joseph* (1971), 25 Ohio St. 2d 95. Thus, the facts, adduced at the suppression hearing without objection, but not included in the affidavit, and relied

In *Jones* v. *United States, supra*, the court stated, at page 269, that, with respect to a probable cause determination by a magistrate, an affidavit which sets out personal observations of one other than an affiant is "not to be insufficient on that score, so long as a substantial basis for crediting the hearsay is presented." Subsequently, in *Aguilar* v. *Texas* (1964), 378 U. S. 108, in invalidating a state search warrant, the court enunciated a test, subsequently denominated in *Spinelli* v. *United States* (1969), 393 U. S. 410, 413, as a "two-pronged test," to be applied to credit the hearsay information furnished by an informer to the affiant. To meet the constitutional demand that the magistrate determine probable cause upon sufficient facts, the magistrate must be informed of (1) some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, *and* of (2) some of the underlying circumstances from which the officer concluded that the informant was "credible" or his information "reliable."

upon by the state in this appeal, *i. e.*, (1) the years of experience of the detectives and (2) the surveillance period was one month and that informant had given reliable information *in the past*, may not be considered. Neither do we consider in this appeal facts relied upon by defendant, adduced at the suppression hearing, but not included in the affidavit, *i. e.*, (1) that the period of surveillance was about ten hours during the one-month period of surveillance and (2) that the "known drug users" consisted of *one* person known to the *informant* only to have a record of drug convictions in California, inasmuch as we have concluded the affidavit is facially deficient to support a probable cause determination, thus obviating any need for a showing of inaccuracies in the affidavit averments. While this court has never held that a defendant may pierce the affidavit averments to negate probable cause by presenting evidence to impeach statements in the affidavit, see *Franks* v. *Delaware* (1978), 46 U. S . L. W. 4869, wherein the United States Supreme Court held, subsequent to the submission of this appeal, that a hearing is required wherein a defendant may challenge the averments in an affidavit for a search warrant where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, is included in the affidavit and the allegedly false statement is necessary to a finding of probable cause.

In *Spinelli* v. *United States, supra,* the court "further explicated" the *Aguilar* test. In summary, the court stated that even if there is an absence in the affidavit of details as to how the informant secured his information, the affidavit could still be sufficient if the criminal activity is detailed enough so that the magistrate could infer the information is based on first-hand information rather than gossip or rumor. The court further explicated *Aguilar,* drawing upon the police surveillance in *Draper* v. *United States* (1959), 358 U. S. 307, by concluding that if an affidavit is insufficient under *Aguilar* in its recitation of facts to demonstrate the report's reliability, corroboration in other parts of the affidavit of certain parts of the tip may be sufficient for the magistrate to conclude that the probability exists that the informant is speaking truthfully, is not "fabricating his report out of whole cloth," and should, therefore, be considered credible and trustworthy as to his tip.

In light of the above principles, we consider the affidavit averments. Facial ambiguities are readily apparent.[2] The Court of Appeals concluded that, as presented to the issuing judge, hereafter referred to as magistrate, the most probable interpretation by the magistrate would be that the observations related in the affidavit were made by the affiant. We agree and analyze the affidavit upon that

---

[2]The facial ambiguities are several. Did the affiant by the phrase "Information from reliable informant whose information has proven reliable" intend to convey to the judge that the informant's information proved reliable in the *instant* case or if it proved reliable in the past? Was the "observation of traffic" etc. intended to convey that the affiant made the observation or was it intended to convey that the observation was made by the informant? When a judge is requested to issue a search warrant upon an affidavit containing such ambiguities, an appropriate response by the judge would be the utilization of Crim. R. 41 (C), which provides in part: "Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may examine under oath the affiant and any witnesses he may produce. Such testimony shall be admissible at a hearing on a motion to suppress if taken down by a court reporter or recording equipment, transcribed and made part of the affidavit." See *State* v. *Shingles* (1974), 46 Ohio App. 2d 1.

basis.[3] We conclude the affidavit is insufficient to meet either prong of the *Aguilar* test and the search warrant should not have been issued.

With respect to the second "prong," *i. e.*, the requirement of informing the magistrate of some of the underlying circumstances upon which the officer considered the informant "credible" or his in information "reliable," the affidavit states "Information from reliable informant whose information has proven reliable." In *State* v. *Karr, supra* (44 Ohio St. 2d 163), this court held certain affidavits sufficient to meet the second "prong" test (although characterizing them as sparse and admonishing that more detail should be included), these affidavits averring in one that affiant has received information from a reliable informant "who has given reliable and factual information in the past which has led to several arrests" and in the second that the affiant has received information from a reliable informant "who has given truthful and factual information in the recent past."

The approval of such affidavits in *Karr* by a majority of this court rested upon the rationale that when an informant has furnished reliable information in the past, it "gives the magistrate a definite indication of credibility." Such an averment provides an underlying circumstance for the magistrate to independently assess the informant's credibility. The affidavit in the present cause, however, omits any averment that the informant had furnished reliable information "in the past."

The statement herein of a "reliable informant whose information has proven reliable" more closely resembles the averment held insufficient in *State* v. *Gill, supra* (49 Ohio St. 2d 177), of "Information received from a confidential and reliable informant" than the averments in *Karr*. The defect in *Gill* is that the averment presented no underlying facts for the magistrate to determine the in-

---

[3]The pre-trial suppression hearing transcript discloses that observations were made in a surveillance conducted by the affiant *and* the informer.

formant's credibility and that the magistrate could not credit the truthfulness of informant "without abdicating his constitutional function." *Spinelli* v. *United States, supra,* at page 416. The *Karr* averments represented the minimum that the court has accepted as sufficient to establish the credibility of an informant. When, as here, that bare minimum is not met, we agree with the pertinent observation of the Supreme Court of Arkansas in *State* v. *Lechner* (Ark. 1977), 557 S. W. 2d 195, 198, that "Catch phrases alone such as 'reliable confidential informant, who has proven very reliable in the past,' carry no weight." This, together with a lack of recitation of facts about the informant that would indicate the reliability of his information, requires a conclusion that the affidavit is insufficient to meet the second prong of the *Aguilar* test.

Since the affidavit is deficient to reach the threshold of the *Aguilar* second "prong" test, we must, under the *Spinelli* explication of *Aguilar,* consider the other parts of the affidavit to determine if sufficient corroboration exists therein to establish the trustworthiness of the informant. The undetailed surveillance by the affiant of persons including known drug users, entering the premises and staying a short time, while consistent with the informant's tip, is equally suggestive of innocent as well as criminal conduct. Cf. *State* v. *Joseph, supra* (25 Ohio St. 2d 95). Although the unilluminated and non-verified anonymous telephone call has a place in the affidavit (see *Jones* v. *United States, supra*), it has meager probative value in establishing the informant's credibility. The affidavit herein is not aided by the plurality opinion in *Harris* v. *United States* (1971), 403 U. S. 573. Since there are no underlying facts as to why the informant concluded drugs were on the premises, there is no basis for crediting the informant by his making an admission against his penal interest. Likewise, the additional factor of knowledge by the police of the defendant's criminal background deemed relevant in *Harris* is absent here.

In considering the corroboration of the information

contained in the tip, the test to be applied is "Can it fairly be said that the tip, even when certain parts of it have been corroborated by independent sources, is as trustworthy as a tip which would pass *Aguilar's* tests without independent corroboration?" *Spinelli* v. *United States, supra,* at page 415. We conclude, under the facts herein, that it cannot. Since the corroboration does not tend to lessen the "chances of reckless or prevaricating tale" (*Jones* v. *United States, supra,* at 271), we hold the affidavit presents an insufficient factual basis for a neutral magistrate to credit the trustworthiness of the informant.

More importantly, this affidavit fails to even marginally approach the requirement enunciated in the first prong of the *Aguilar* test of informing the magistrate of the underlying circumstances from which the informant concluded the drugs were where he claimed them to be. Under the affidavit herein, it is not a question of sufficiency of detail of the underlying circumstances disclosed, but a complete omission of *any* of the underlying circumstances from which the informant concluded the drugs were on the premises. The magistrate in this situation would not know whether the informant's conclusion rested upon first-hand knowledge gained through his own observation, whether it rested upon information given the informant by a third person and, if so, how that person, even if reliable, acquired his information, or, whether the informant's conclusion rested upon rumor or gossip circulating in the neighborhood. "For all that appears, the source here merely suspected, believed or concluded that there were narcotics in petitioner's possession. The magistrate here certainly could not 'judge for himself the persuasivness of the facts relied on . . . to show probable cause.' He necessarily accepted 'without question' the informant's 'suspicion,' 'belief' or 'mere conclusion.' " *Aguilar* v. *Texas, supra,* at page 113.

In *State* v. *Karr, supra,* at page 165, this court stated that a common and acceptable basis for the informant's information is his personal observation of the fact or events

described to the affiant and that these observations may be given added weight by the extent of the description or by corroborative police surveillance and information. Such supplementation does not aid the affidavit herein when all underlying facts indicative of personal observation are omitted.

The New York Court of Appeals in *People* v. *Wirchansky* (1976), 41 N. Y. 2d 130, 359 N. E. 2d 666, 670, upon facts essentially similar to the instant cause stated the following, at page 135:

"Where, however, the informant's tip does not disclose any of the criminal activity, the police are relying on the informant only to alert them to the person who is engaged in the activity after which the police act on their own observations (see *People* v. *Castro*, 29 N. Y. 2d 324, 327, *supra*; *People* v. *Meyers*, 38 A. D. 2d 484, *supra* [both involving warrantless searches]). In these instances, which include the matter before us, the police observations must do more than merely bolster the informant's tip, since the police themselves must provide the underlying circumstances from which the Magistrate can determine whether they are justified in concluding that illegal activity is taking place."

The police surveillance in the instant cause set forth in the affidavit, lacking detail as to the period of surveillance, as to the volume of the "traffic" or the number of "drug users" included in the traffic (*i. e.,* one or fifty), could hardly be sufficient to establish a factual basis to independently establish probable cause upon which a search warrant could properly issue. Since the observed conduct is as consistent with innocent as well as criminal activity, it engenders, at best, a suspicion that drugs are being illegally sold and are located on the premises. The anonymous telephone call does not aid in independently establishing the probability of drugs upon the premises since it, as with the informant's tip, likewise fails to illuminate the source of the caller's information and, additionally, fails to illuminate any underlying facts indicative that the caller's

information was "credible" or his information "reliable."

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., CELEBREZZE, W. BROWN and SWEENEY, JJ., concur.

HERBERT and LOCHER, JJ., dissent.

STEPHENSON, J., of the Fourth Appellate District, sitting for P. BROWN, J.

HERBERT, J., dissenting. Courts should not be hypertechnical in the consideration of search warrant affidavits. *United States* v. *Ventresca* (1965), 380 U. S. 102. Such affidavits must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. *United States* v. *Harris* (1971), 403 U. S. 573.

It must be kept in mind, particularly by reviewing courts, that search warrant affidavits are usually drafted by non-lawyers, often under necessarily hasty circumstances and always in the testing atmosphere of the real world. Moreover, the probable cause necessary to justify the issuance of a search warrant requires less facts than are necessary for conviction, and the amount and method of proof is less strict. *State* v. *Haynes* (1971), 25 Ohio St. 2d 264, 267 N. E. 2d 787, citing *Jones* v. *United States* (1960), 362 U. S. 257. This view of probable cause extends to the determination of the reliability of the informer. In such cases, it must always be recalled that certainty is not the requisite touchstone. *Haynes, supra,* at page 269. The resolution of doubtful or marginal cases should largely be determined by the preference to be accorded to warrants. *Jones, supra,* at page 270. See, also, *State* v. *Karr* (1975), 44 Ohio St. 2d 163, 339 N. E. 2d 641; *State* v. *Parker* (1975), 44 Ohio St. 2d 172, 339 N. E. 2d 648; and the dissenting

142

opinion in *State* v. *Gill* (1977), 49 Ohio St. 2d 177, 360 N. E. 2d 693.

With due respect to my colleagues in the majority, I dissent.

LOCHER, J., concurs in the foregoing dissenting opinion.