THE STATE OF OHIO, APPELLANT, *v.* DANIELS, APPELLEE.

(No. H-80-20—Decided July 24, 1981.)

*Mr. Reese Wineman,* for appellant.
*Ms. Elizabeth Manton,* for appellee.

DOUGLAS, J. This is an appeal brought by the state of Ohio from judgment of the Huron County Court of Common Pleas, granting a motion to suppress evidence seized pursuant to a search warrant. The trial court, upon consideration of the affidavit only, found the search warrant to be defective:

"* * * based upon a lack of identification of the source of information provided in the affidavit and the subsequent failure of the search warrant to meet the two pronged test set forth by the United States Supreme Court in *Aguilar* versus *Texas,* 378 U.S. 108 (1964) and the Court further finds a lack of substantiating facts in the affidavit and therefore, there was no basis to find probable cause to search the aforementioned automobile." (Journal Entry, June 16, 1980.)

From this judgment, appellant, the state of Ohio, appeals.

Appellant presents the following, labeled as argument, which we consider to be assignments of error. See, however, App. R. 16.

"1. The trial court erred in suppressing the evidence.

"2. The trial court erred in denying the State the opportunity to proffer into the record evidence to support independent probable cause for the search of the vehicle."

In its first assignment of error, appellant contends that the affidavit establishing probable cause was not invalid on its face and that any omission was a reasonable error by the officer act-

ing in good faith. The affidavit, in pertinent part, is as follows:

"1. That on August 29, 1978 a house located at 20470 West Helwig Road Martin, Ottawa County, Ohio, owned by Robert Reinbolt was entered by force and several items of property were stolen therefrom.

"2. Immediately prior to the discovery of the burglary, a green American Motors Gremlin automobile was discovered parked along the road near the scene of the burglary. The vehicle identification number on the vehicle is A2F465E705995.

"3. The Ottawa County Sheriff's office had been notified that on August 26, 1978 a similar green AMC Gremlin was seen at the scene of a Breaking and Entering in Sandusky County, Ohio.

"4. The Ottawa County Sheriff's office had also been notified that on August 29, 1978 a similar green AMC Gremlin was seen at the scene of an Aggravated Burglary and Aggravated Robbery in Huron County, Ohio.

"5. The Affiant believes that the green AMC Gremlin found on a country road adjacent to the scene of an aggravated burglary is the same vehicle used in the crimes listed in paragraphs 2 and 3 above and that the vehicle was to be used by the persons burglarizing the residence described in paragraph 1 above and that the green AMC Gremlin, vin (sic) number A2F465E705995 with Michigan Liscense (sic) Plate number XGH 405 contains a pistol, tools, stolen property and contraband, used in the crimes listed above. Stolen property includes a gold watch, a .22 cal. pistol, a blank pistol, a sawed off .22 cal. rifle, 2 boxes of .22 cal. long rifle shells, a diamond dinner ring, a set of wedding rings, a brown and white pillow case, and cancelled checks belonging to Millard Burns."

In paragraph two of the headnotes of *Aguilar* v. *Texas* (1964), 378 U.S. 108, the United States Supreme Court set out the

following two-pronged test for determining probable cause to search:

"Although an affidavit supporting a search warrant may be based on hearsay information and need not reflect the direct personal observations of the affiant, the magistrate must be informed of some of the underlying circumstances relied on by the person providing the information and some of the underlying circumstances from which the affiant concluded that the informant, whose identity was not disclosed, was creditable or his information reliable. *Giordenello* v. *United States,* 357 U.S. 480, followed."

In the case before this court, the trial court found that the affidavit did not meet the second prong of the above cited test in that the reliability of the undisclosed source was not established. We note, at the outset of our discussion, that the word "notified" rather than the word "informed" was used in the paragraphs numbered 3 and 4 of the affidavit. The use of the word "notified" implies that the source of the information was an official report rather than an informant's tip. Further, considering the entire affidavit, such an inference is strengthened by the type of information and manner of presentation. In fact, the information relied upon had either been received from radio transmitted police reports from neighboring counties or from local sheriff's department investigative work. Had these sources been disclosed in the affidavit, the reliability of the information would have been established. See *State* v. *Kuno* (1976), 46 Ohio St. 2d 203 [75 O.O.2d 239]; *State* v. *Fultz* (1968), 13 Ohio St. 2d 79 [42 O.O.2d 259].

Only that information actually conveyed to the issuing judge may be considered in determining sufficiency of probable cause to issue a search warrant upon review. *State* v. *Borsick* (1978), 62 Ohio App. 2d 39 [16 O.O.3d 79]. We, however, find the above related facts relevant in establishing that the omission of the identity of the source was uninten-

tional and not in bad faith. The exclusionary rule was adopted as a deterrent to prevent abusive practices in search and seizure cases and, further, to promote respect for constitutional protections from unreasonable search and seizure. *Davis* v. *Mississippi* (1969), 394 U.S. 721; *Elkins* v. *United States* (1960), 364 U.S. 206. Neither of these purposes was served in this case. The defect in the affidavit herein was essentially a technical error, an omission, inadvertently made by an officer making a good faith effort to comply with the law. We note, with respect to this, that the officers may have had grounds for a warrantless search, as well. We will discuss this aspect of the case more fully under appellant's second assignment of error.

It would be unreasonable to require officers of the law, whose job is to protect and serve, to also be masters of the intricacies of the English language. In *United States* v. *Ventresca* (1965), 380 U.S. 102, at 108, the Supreme Court of the United States, held the following:

"* * * If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area. *A grudging or negative attitude by reviewing courts toward warrants will tend to discourage police officers from submitting their evidence to a judicial officer before acting.*" (Emphasis added.)

For the foregoing reasons, we find that the affidavit in issue presented sufficient information upon which to base a finding of probable cause and further find the omission with respect to the source of that information not fatal to the search warrant when said affidavit is considered in its entirety. We find appellant's first assignment or error well taken.

We now consider appellant's second assignment of error in which appellant contends that the trial court erred in denying the state the opportunity to establish to the court that there was probable cause to search the vehicle on alternative grounds. The state sought to present evidence concerning the events surrounding the search of the vehicle upon which a valid warrantless search might have been based. Those events, as the state described them, follow. The vehicle, which met the description of a vehicle reported to have been used in a burglary and armed robbery in neighboring counties, was discovered parked partially in the roadway, unattended. An investigation of the surrounding area, where the vehicle was parked, brought about the discovery of a recent burglary and also discovery of appellee, Gary Daniels. Appellee was then arrested. The vehicle, which was registered to appellee, was then impounded and towed. Had the state been permitted to present such evidence, a lawful warrantless search may have been established. See, *e.g.*, *Texas* v. *White* (1975), 423 U.S. 67; *Chambers* v. *Maroney* (1970), 399 U.S. 42. We find that, where alternative grounds for the admission of evidence seized pursuant to a warrant are available, it is error for a trial court to deny the state the opportunity to establish those grounds at a hearing on a motion to suppress such evidence. We, therefore, find appellant's second assignment of error well taken.

On consideration whereof, this court finds substantial justice was not done the party complaining, and judgment of the Huron County Court of Common Pleas is reversed. The motion to suppress is hereby denied.

This cause is remanded to said court for further proceedings according to law. Costs to abide final outcome.

*Judgment reversed.*

CONNORS, P.J., concurs.

POTTER, J., dissents.

POTTER, J., dissenting. The majority opinion reverses the trial court and finds that the affidavit offered in support of the search warrant is sufficient because the affidavit was made in good faith, and by inferring additional facts, the affidavit, as a whole, indicates the reliability of the hearsay information.

The United States Supreme Court in *Whiteley* v. *Warden,* (1971), 401 U.S. 560 [58 O.O.2d 434], held that the sufficiency of a warrant must be reviewed according to the information actually provided by the affiant to the magistrate. Additional information available to the affiant, but not disclosed to the magistrate, cannot later be utilized to bolster an insufficient affidavit. See *Whiteley* v. *Warden, supra,* fn. 8, at 565, where the court states:

"* * * Under the cases of this Court, an otherwise insufficient affidavit cannot be rehabilitated by testimony concerning information possessed by the affiant when he sought the warrant but not disclosed to the issuing magistrate. See *Aguilar* v. *Texas,* 378 U.S. 108, 109 fn. 1. A contrary rule would, of course, render the warrant requirements of the Fourth Amendment meaningless."

This line of reasoning was adopted by the Ohio Supreme Court in *State* v. *Graddy* (1978), 55 Ohio St. 2d 132 [9 O.O.3d 109]. In determining what information could be considered upon review of the trial court's finding that an affidavit is insufficient to support the issuance of a search warrant, the court stated in footnote 1, at 134, as follows:

"A corollary of this requirement is that, upon appellate review, only information brought to the attention of the magistrate may be considered. *Aguilar* v. *Texas* (1964), 378 U.S. 108, fn. 1; *State* v. *Joseph* (1971), 25 Ohio St. 2d 95 [54 O.O.2d 228]. Thus, the facts, adduced at the suppression hearing without objection, but not included in the affidavit, and relied upon by the state in this appeal, * * * may not be considered."

There is nothing in the record that indicates any evidence was taken pursuant to Crim. R. 41(C), which provides, in part:

"Before ruling on a request for a warrant, the judge may require the affiant to appear personally, and may examine under oath the affiant and any witness he may produce. Such testimony shall be admissible at a hearing on a motion to suppress if taken down by a court reporter or recording equipment, transcribed and made a part of the affidavit.

Therefore, the sufficiency of the affidavit must be determined by reviewing only the information actually conveyed to the magistrate. A holding to the contrary violates the constitutional mandates of the Fourth Amendment that "no warrants shall issue but upon probable cause" which requires the interposing of a neutral magistrate between the officer and a citizen's right to privacy. See *Johnson* v. *United States* (1948), 333 U.S. 10. The Constitution requires that the inferences from facts which establish probable cause to search must be drawn "by a neutral and detached magistrate" and not by police officers "engaged in the often competitive enterprise of ferreting out crime," *Giordenello* v. *United States* (1958), 357 U.S. 480, at 486; *Johnson* v. *United States, supra,* at 14.

A review of the affidavit indicates that the information relied on by the affiant was not attributed to any source. Probable cause to search was not illustrated on the face of the affidavit. Since the affidavit is deficient, it was too late in the common pleas court to supplement it by matters not of record before the issuing magistrate. *State* v. *Graddy, supra;* Crim. R. 41(C). For these reasons the determination of the trial court should be affirmed.

The majority opinion includes "facts" beyond the affidavit and outside the record of the case, to show that the reliability of the information was

established. In light of this, the majority holds that the omission of the identity of the source was unintentional and not in bad faith. Such a finding is contrary to the holding in *Aguilar* v. *Texas* (1963), 378 U.S. 108, and its progenies. See, also, *Whiteley* v. *Warden, supra,* and *State* v. *Graddy, supra.* The good faith of the affiant, while commendable, is inapplicable to this case and should not be considered.

The majority cites *United States* v. *Ventresca* (1965), 380 U.S. 102, to support the proposition that reviewing courts should restrain from requiring technical compliance with the intricacies of the English language. However, the full impact of this opinion is appreciated by continuing the quote offered by the majority opinion, which is as follows:

"This is not to say that probable cause can be made out by affidavits which are purely conclusory, stating only the affiant's or an informer's belief that probable cause exists without detailing any of the 'underlying circumstances' upon which that belief is based. See *Aguilar* v. *Texas, supra.* Recital of some of the underlying circumstances in the affidavit is essential if the magistrate is to perform his detached function and not serve merely as a rubber stamp for the police." *United States* v. *Ventresca, supra,* at 108-109.

The argument presented in *United States* v. *Ventresca, supra,* supports the proposition that underlying circumstances must be presented to the neutral magistrate. The case *sub judice* is not one involving a technical omission in draftsmanship. This is a case where the underlying circumstances for the determination of the reliability and credibility of the hearsay information are not shown. The affidavit, considered in its entirety, does not establish sufficient facts for a neutral detached magistrate to find that probable cause exists to issue a search warrant. Assignment of error No. 1, in my opinion, is not well taken.

I find as to assignment of error No. 2

that the state comes with too little and too late. There is no record of a hearing on the motion to suppress. The state in the lower court filed no brief opposing defendant's motion to suppress based on the defective affidavit. How, when and where the issue of probable cause to search was presented at the motion to suppress is not clear. I assume the state means by its assignment that it was denied the right to "present" evidence on this issue. There is no record of a "proffer" by the state showing that there is evidence to support independent probable cause and exigent circumstances.

From what can be gleaned from the limited record, the automobile was impounded apparently on the 29th of August or the early hours of the 30th. An affidavit was prepared and on the 30th day of August at 2:25 p.m. the magistrate issued the search warrant. The search followed. I find none of the non-warrant exceptions set forth in *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, present. See *Coolidge* v. *New Hampshire, supra,* at pages 454-455, as follows:

"Thus the most basic constitutional rule in this area is that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.' The exceptions are 'jealously and carefully drawn,' and there must be 'a showing by those who seek exemption . . . that the exigencies of the situation made that course imperative.' '[T]he burden is on those seeking the exemption to show the need for it.' "

The language of *Coolidge,* at p. 462, is appropriate to the case *sub judice:*

"In short, by no possible stretch of the legal imagination can this be made into a case where 'it is not practicable to secure a warrant,' *Carroll, supra,* at 153, and the 'automobile exception' despite its label, is simply irrelevant."

The majority cites *Texas* v. *White* (1975), 423 U.S. 67, and *Chambers* v. *Maroney* (1970), 399 U.S. 42, to support their conclusion that a warrantless search is permitted. Both of these cases involve the stopping of occupied automobiles (exigent circumstances) with probable cause to search at the time of the seizure. They also involved searches which timely followed. The searches were not stale, but made within a reasonable time after probable cause to seize and search the automobiles arose. The existence of probable cause, exigent circumstances, plus timely searches, present in *Texas* v. *White* and *Chambers* v. *Maroney, supra,* are not present in the case *sub judice.*

The majority reverses the trial court and denies the motion to suppress based on its finding that the affidavit as transfused was viable. The finding as to assignment of error No. 2 except as this court complies with App. R. 12(A) is of little consequence in the case *sub judice* but based on procedural, substantive grounds and possible precedent, I find assignment of error No. 2 not well taken. I would affirm the trial court.