I respectfully dissent. Warrants satisfactory to meet the requirements of the Fourth Amendment must be obtained from a neutral and detached judge, magistrate, clerk, or other officer of the court who shall assess the evidence presented and determine whether there is probable cause that such warrant should issue. Shadwick v. City of Tampa
(1972), 407 U.S. 345, 350; Warden v. Hayden (1967), 387 U.S. 294,301-302. Since it is the independent official who is charged with making this determination, it has long been held that a mere recitation of the statutory elements of the crime is not sufficient to support a finding that probable cause exists.Giordenello v. United States (1958), 357 U.S. 480, 485; see, also, State v. Sharp (1996), 109 Ohio App.3d 757, 760; State v.Zinkiewicz (1990), 67 Ohio App.3d 99, 108; State v. Daniels
(1981), 2 Ohio App.3d 328, 329, overruled on other grounds byState v. Bean (1983), 13 Ohio App.3d 69.
In this matter, the only document before the deputy clerk who issued the arrest warrant was a complaint which does no more than recite the statutory elements of R.C. 2925.13(B). The officer making the complaint does not aver that he observed the illegal activity or by whom he was informed of such illegal activity. In my view, without this information the clerk was without any basis to independently evaluate the propriety of issuing this arrest warrant.
Absent a proper warrant, Detective Navarre had no authority to enter appellant's apartment and anything discovered there should have been suppressed. Accordingly, I would reverse her conviction.