[Cite as *State v. Maniaci*, 2017-Ohio-8270.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                  CASE NO. 9-17-14

      v.

WILLIAM ANTHONY MANIACI, II,        O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Marion County Common Pleas Court
Trial Court No. 2016 CR 0429

**Judgment Affirmed**

Date of Decision: October 23, 2017


APPEARANCES:

    *Nathan D. Witkin* **for Appellant**

    *Kevin P. Collins* **for Appellee**

**SHAW, J.**

{**¶1**} Defendant-appellant, William A. Maniaci, II ("Maniaci"), appeals the April 6, 2017 judgment of the Marion County Court of Common Pleas, General Division, journalizing his plea of no contest to Possession of Cocaine, a felony of the first degree, with a Major Drug Offender specification, and to Possession of Heroin, a felony of the first degree, with a Major Drug Offender specification. The trial court sentenced Maniaci to a mandatory eleven years in prison on each count and ordered the prison terms to be served concurrently.

{**¶2**} On August 11, 2016, members of the MARMET drug task force sought and obtained an anticipatory search warrant for 860 Kibbey Drive, Apartment C, located in Marion, Ohio, where Maniaci resided with his girlfriend. Later that day, Maniaci was arrested while attempting to sell a quarter ounce of cocaine to a confidential informant. The search warrant for the apartment was subsequently executed and a large amount of cocaine and heroin was discovered in the home.

{**¶3**} On August 25, 2016, the Marion County Grand Jury returned a "Joint Indictment" against Maniaci and his girlfriend. Specifically, the indictment alleged that Maniaci committed the following offenses: Count One: Possession of Cocaine, in violation of R.C. 2925.11(A)/(C)(4), a felony of the first degree, with a Major Drug Offender specification, in violation of R.C. 2941.1410; and Count Two: Possession of Heroin, in violation of R.C. 2925.11(A)/(C)(6), a felony of the first

degree, with a Major Drug Offender specification, in violation of R.C. 2941.1410. The indictment also included forfeiture specifications attached to Counts One and Two regarding a gun safe, an AR15 Bushmaster Firearm, a Mossburg shotgun, and $15,673 in U.S. Currency.

{¶4} Maniaci was subsequently arraigned and entered a plea of not guilty.

{¶5} On September 6, 2016, the Marion County Grand Jury returned a "Supplemental Indictment" incorporating Counts One and Two from the prior indictment and also alleging that Maniaci committed two counts of Trafficking in Cocaine, in violation of R.C. 2925.03(A)(1)/(C)(4), both felonies of the fifth degree. Upon being arraigned, Maniaci also entered a plea of not guilty to the offenses listed in the "Supplemental Indictment."

{¶6} On September 23, 2016, Maniaci filed a motion to suppress the evidence obtained during the execution of the anticipatory warrant issued for the search of 860 Kibbey Drive, Apartment C. Maniaci challenged the probable cause outlined in the affidavit supporting the search warrant and claimed constitutional violations with the subsequent execution of the warrant. The State filed a response supporting the issuance and execution of the anticipatory search warrant.

{¶7} On December 7, 2016, the State filed a Bill of Particulars setting forth Maniaci's conduct comprising the offenses listed in the indictments.

> **Count 1: On or about August 11, 2016 and at 860 Kibbey Drive, Apt. C, Marion, Marion County, Ohio, officers with the Marmet**

- 3 -

**Drug Task Force executed a search warrant at the home of Defendants William Maniaci and [Maniaci's girlfriend]. When the search warrant was executed, Defendant William Maniaci was outside of the residence for the purpose of meeting with CI 16-03 in order to sell a quarter ounce of cocaine. [Maniaci's girlfriend] was inside of the residence. When detectives entered, [Maniaci's girlfriend] was seen coming from the back of the residence. Upon a search of the residence, detectives found what appeared to be a large amount of cocaine in the toilet bowl. During the search, detectives found a total of 587.19 grams of cocaine, or a compound, mixture, preparation or substance containing cocaine. Defendant [is] a major drug offender as defined in R.C. 2929.01(w).** [1]

**Count 2: The State reincorporates the facts as outlined in Count 1 above and adds that during the search, detectives found heroin in the residence. The multiple baggies of suspected heroin were tested and weighed by BCI and found to be 349.03 grams of heroin, or a compound, mixture, preparation or substance containing heroin. Defendant [is] a major drug offender as defined in R.C. 2929.01(w).**

**Count 4: On or about June 16, 2016 and in Marion County, Ohio, Defendant William Maniaci, sold 4.10 grams of cocaine, or a compound, mixture, preparation, or substance containing cocaine to CI 16-03 for $350.00. The sale took place while driving within Marion County, Ohio.**

**Count 5: On or about August 11, 2016 and in Marion County, Ohio, Defendant, William Maniaci, offered to sell a quarter ounce of cocaine to CI 16-03 for $350.00. Before the buy took place, detectives with the Marmet drug task force arrested the Defendant. At the time of the stop, the Defendant had two separately wrapped bags of cocaine. One was found on him and one which he threw. The baggies weighed 6.94 grams and 6.75 grams. Both were tested by BCI and were found to contain cocaine, or a compound, mixture, preparation, or substance containing cocaine.**

---

[1] Count Three of the "Joint Indictment" pertained only to the offense of Tampering with Evidence alleged to have been committed by Maniaci's girlfriend.

(Doc. No. 37).

{¶8} On December 22, 2016, the trial court held a hearing on Maniaci's motion to suppress evidence where several officers from the MARMET drug task force involved in the August 11, 2016 controlled drug transaction operation testified regarding the obtaining and the execution of the search warrant.

{¶9} On December 28, 2016, the trial court overruled Maniaci's suppression motion and the matter was set for a jury trial.

{¶10} On March 23, 2017, the Marion County Grand Jury returned a "Joint Superseding Indictment" incorporating the counts stated in the previous indictments and alleging the additional specification that Maniaci "recklessly had a firearm on or about his person or under his control when he committed the offense[s]" set forth in Counts One, Two, and Five.

{¶11} Maniaci appeared for a hearing on March 31, 2017, during which the trial court granted the State's motion to dismiss the Trafficking in Cocaine charges in Counts Four and Five, the second forfeiture specification pertaining to the $15,673 found in the apartment, and the firearm specification stated in the "Joint Superseding Indictment." At this hearing, Maniaci entered a plea of no contest to Counts One and Two, first degree felony charges of Possession of Cocaine and

Possession of Heroin, with major drug offender and forfeiture specifications. The trial court accepted the plea and proceeded to sentencing.[2]

{¶12} On August 6, 2017, the trial court issued a judgment entry of sentence imposing a mandatory eleven-year prison term on each count and ordering the terms to be served concurrently.

{¶13} Maniaci now brings this appeal, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**THERE WAS INSUFFICIENT PROBABLE CAUSE THAT EACH OF THE TRIGGERING EVENTS WOULD OCCUR AT THE TIME THE SEARCH WARRANT WAS REQUESTED.**

**ASSIGNMENT OF ERROR NO. 2**

**AT THE TIME THE SEARCH WARRANT WAS EXECUTED, THERE WAS INSUFFICIENT PROBABLE CAUSE THAT DRUGS WOULD BE LOCATED IN 860 KIBBEY DRIVE, APT. C, MARION, OHIO.**

**ASSIGNMENT OF ERROR NO. 3**

**THE SEARCH WARRANT IN THIS MATTER WAS DEFECTIVE BECAUSE IT DID NOT PROVIDE ANY FACTS TO SUPPORT PROBABLE CAUSE FOR ONE OF THE TRIGGERING EVENTS.**

---

[2] We note that there appears to be a clerical error in the sentencing transcript which indicates that the plea and sentencing hearing took place on April 17, 2017, eleven days after the judgment entry of sentence was issued. The record establishes that the hearing actually took place on March 31, 2017, prior to the issuance of the trial court's sentencing entry.

**ASSIGNMENT OF ERROR NO. 4**

**THE ANTICIPATORY SEARCH WARRANT IN THIS MATTER WAS DEFECTIVE BECAUSE THE TRIGGERING EVENTS WERE NOT SUFFICIENTLY CERTAIN TO OCCUR.**

*First, Second, Third and Fourth Assignments of Error*

{¶14} At the outset, we elect to address Maniaci's assignments of error together due to the fact that they are substantially interrelated and pose similar issues concerning whether the trial court erred in denying his motion to suppress. In his assignments of error Maniaci challenges the validity of the search conducted of the residence at 860 Kibbey Drive, Apartment C on constitutional grounds. Specifically, Maniaci asserts that there was insufficient probable cause that each of the required "triggering events" supporting the issuance of the anticipatory search warrant would occur at the time the warrant was requested. Maniaci also asserts there was insufficient probable cause that drugs would be found at the 860 Kibbey Drive, Apartment C residence at the time the search warrant was executed.

*Standard of Review*

{¶15} A review of the denial of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. *State v. Bressler*, 3d Dist. Van Wert No. 15-05-13, 2006-Ohio-611, ¶ 10, citing *State*

*v. Carter*, 72 Ohio St.3d 545, 552 (1995). When reviewing a ruling on a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). With respect to the trial court's conclusions of law, however, our standard of review is *de novo*, and we must independently determine whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶16} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee "[t]he right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures." Accordingly, the State is prohibited from making unreasonable intrusions into areas where people have legitimate expectations of privacy without a search warrant. *United States v. Chadwick*, 433 U.S. 1, 7 (1977) overruled on other grounds in *California v. Acevedo*, 500 U.S. 565 (1991).

{¶17} The Ohio Supreme Court has previously held that:

**In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, '[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.**

*State v. George*, 45 Ohio St.3d 325 (1989), at syllabus, citing *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Thus, probable cause exists when a reasonably prudent person would believe that there is a fair probability that the place to be searched contains evidence of a crime. *See State v. Blevins*, 3d Dist. Marion No. 9-06-40, 2007-Ohio-6972, ¶ 19, citing *Illinois v. Gates*, 462 U.S. 213 (1983).

*Anticipatory Search Warrants*

**{¶18}** Anticipatory search warrants take effect at a specified future time or event, not at issuance, and generally do not run afoul of the Fourth Amendment. *United States v. Grubbs,* 547 U.S. 90, 94 (2006). "An anticipatory warrant is one based upon an application showing probable cause that at some future time, but not presently, certain evidence of crime will be located at a specified place to be searched." *State v. Folk*, 74 Ohio App.3d 468, 472 (2d Dist. 1991). Probable cause for anticipatory warrants is conditional on the occurrence of a particular "triggering condition," usually the future delivery, sale, or purchase of contraband. *Grubbs*, 547 U.S. at 94. This type of warrant requires the issuing magistrate to conclude, first, that there is a fair probability that contraband or evidence of a crime will be found in the place to be searched if the triggering condition occurs and, second, that there is probable cause to believe that the triggering condition will occur. *Id*. at 96-97; *see also*, *State v. Blevins*, 3d Dist. Marion No. 9-06-40, 2006-Ohio-6972, ¶ 21.

{¶19} Turing to the instant case, the affidavit submitted in support of the request for the anticipatory search warrant stated the following:

**Probable Cause**

**The facts and grounds upon which I believe that a warrant should be issued and that the property sought is located where noted are as follows: affidavit of Detective Matt Baldridge.**

**1.    On June 16th, 2016 a Confidential Informant working for the MARMET Drug Task Force made a controlled purchase of cocaine from William A. Maniaci II AKA: Will. The Confidential Informant picked Will up at Avalon Lakes Apartment Complex. Det. Troutman observed Will get into the Confidential Informant's vehicle. The Confidential Informant drove Will to several different locations before dropping him off in the area of Chestnut St. The Confidential Informant purchased approximately 4.5 grams of cocaine from Will for $350.00. No one got into the car with the informant expect [sic] Maniaci. The informant was searched before and after the buy.**

**2.    After the controlled purchase on June 16th, 2016. Det. Isom viewed the audio/video recording from the buy. The recordings were consistent with what the Confidential Informant had told us. During the conversation between Will and the Confidential Informant Will can be heard saying "not even no little shit all weight." Will also says "mother fuckers be getting mad at me cause I be telling them bro if you ain't spending at least $500 Im [sic] not coming man." Later in the conversation will [sic] says "I was getting out the car the other day, fuckin I had a whole fuckin uh kilo sitting on my lap. I ride with it cause if I get pulled over I'm getting out and running."**

**3.    On August 11th, 2016 at approximately 0705 Hours Det. Troutman and Trooper Bice observed Will Maniaci leave 860 Kibby [sic] Dr. Apartment C. Marion Ohio.**

**4.    MARMET Detectives are requesting an anticipatory search warrant be issued for 860 Kibby [sic] Dr. Apartment C Marion**

> **Ohio. MARMET Detectives will using the same Confidential Informant that was used on June 16th, 2016. The CI will be placing a recorded phone call to Will Maniaci and will be ordering a ¼ ounce of cocaine. The phone call will be monitored "live" by Det. Isom. MARMET Detectives will be arresting Will Maniaci on a warrant for trafficking in cocaine warrant [sic] when he arrives to deliver the drugs to the informant. No control buy will take placec [sic]. The execution of this search warrant will not take place unless MARMET Detectives observe Will Maniaci leave 860 Kibby [sic] Dr. Apartment C. and cocaine is located on his person at the time of this arrest.**

(Doc. No. 17, Ex. A).

{¶20} Notably, the search warrant specified that 860 Kibbey Drive Apartment C is situated in the Avalon Lakes apartment complex and also provided authorization for the occupants to be searched upon execution of the search warrant. (Doc. No. 17, Ex. A). The search warrant described the property to be searched for as "cocaine and/or marijuana and/or other narcotics and/or controlled substances" and numerous other items related to the illegal trafficking of those substances. (*Id*.). The anticipatory search warrant also set forth the following three "triggering conditions" that must occur prior to its execution:

> **You are commanded that this search may be executed only on completion of a controlled phone call to William Maniaci, him leaving the 860 Kibby [sic] Dr apartment C address in Marion, Ohio and after finding cocaine on his person. This warrant may only be executed during the day time hours (06:59am to 07:59pm).**

(Doc. No. 17, Ex. A).

*Evidence at the Suppression Hearing*

{¶21} Testimony from law enforcement involved in the case established that the confidential informant had ongoing contact with Maniaci. Specifically, the testimony revealed that on June 16, 2016, the confidential informant picked up Maniaci at 860 Kibbey Drive, the address of an apartment building in the Avalon Lakes apartment complex. The confidential informant indicated that Maniaci had a "big bag of cocaine on him already" when he picked up Maniaci. (Dec. 22, 2016 Supp. Hrg. at 19). The confidential informant drove Maniaci to different locations to "drop off drugs to sell" and Maniaci completed the transactions in the confidential informant's vehicle. (*Id.*). On the same day, the confidential informant also purchased a quarter ounce of cocaine from Maniaci. Notably, law enforcement had already obtained a search warrant based upon the June 16, 2016 events, but did not execute it.

{¶22} Law enforcement continued its investigation of Maniaci by conducting surveillance on the 860 Kibbey Drive Apartment C address on August 11, 2016. Detective David Troutman testified that he observed Maniaci leaving the apartment at 7:05 a.m. to go to work, indicating that Maniaci had stayed overnight in Apartment C. Det. Troutman observed Maniaci leaving the apartment again at 4:49 p.m. and walking approximately twenty feet to a location where two vehicles, a red SUV and a white Cadillac were parked. Det. Troutman testified that he had

been informed by another member of the task force that the controlled phone call by the confidential informant had been made prior to him seeing Maniaci leave the apartment this second time.

{¶23} Det. Troutman observed Maniaci walk out of the apartment door and approach the area in between the parked cars. Maniaci interacted with the people in the red SUV and then walked over to the white Cadillac. Det. Troutman testified that he saw Maniaci open the passenger door and get into the white Cadillac. Det. Troutman did not observe anything in Maniaci's hands when he walked from the red SUV to the white Cadillac, however, when Maniaci came back to the red SUV from the white Cadillac, he had what appeared to be a white pillow in his hands. Moments later, the decision was made to arrest Maniaci. The arrest was effectuated by another member of the task force, who relayed to Det. Troutman that cocaine was found on Maniaci's person. After receiving word, Det. Troutman retrieved his "ramming unit" and executed the search warrant of the residence.

*Analysis*

{¶24} On appeal, Maniaci claims that there was insufficient probable cause that the three "triggering conditions" stated in the affidavit supporting the warrant would occur. Maniaci contends that the likelihood that each event would occur at the time of the issuance of the warrant was too speculative to constitute probable cause.

**{¶25}** Initially, we note that "The Fourth Amendment 'does not require that the triggering condition for an anticipatory search warrant be set forth in the warrant itself.' " *United States v. Perkins*, ---F.Supp.3d---, 2017 WL 2954633, quoting *Grubb*s at 99. The triggering event, however, must be explicit, clear, and narrowly drawn. *United States v. Miggins*, 302 F.3d 384, 395 (6th Cir. 2002). The purpose of defining a triggering event in an anticipatory warrant is to ensure that officers serve an almost ministerial role in deciding when to execute the warrant. *United States v. Ricciardelli*, 998 F.2d 8, 12 (1st Cir. 1993) (internal quotations omitted). However, "[w]arrants and their supporting documents are [to] be read not hypertechnically, but in a commonsense fashion." Perkins, 2017 WL 2954633, citing *Miggins*, 302 F.3d at 395 (internal quotations omitted). If a triggering event does not occur, the warrant is rendered void. *United States v. Rey*, 923 F.2d 1217, 1221 (6th Cir. 1991); *see also United States v. Rowland*, 145 F.3d 1194, 1201 (10th Cir. 1998).

**{¶26}** Contrary to Maniaci's position on appeal, the supporting affidavit indicated that the confidential informant had an ongoing relationship with Maniaci for the span of several weeks, and that Maniaci appeared to have enough confidence in the relationship to the extent that he was willing to have the confidential informant pick him up at his residence, take him to various locations to engage in numerous drug deals in the confidential informant's vehicle, and to thereafter boast to the

confidential informant about the amount of cocaine that he had in his possession to sell. Therefore, we do not find it too remote or speculative, for the purposes of establishing probable cause, that the confidential informant would be able to make the controlled phone call to arrange for a similar purchase of cocaine from Maniaci as he did on June 16, 2016.

{¶27} Maniaci also argues that there was insufficient nexus between him and the 860 Kibbey Drive Apartment C address to both establish probable cause to premise a "triggering condition" upon him leaving the residence and to issue a search warrant for the residence. On appeal, Maniaci maintains that he was merely an overnight guest at the apartment. However, the evidence at the suppression hearing revealed that Maniaci was associated with the apartment both during the June and August controlled drug operations with the confidential informant. Detective Andrew Isom with MARMET drug task force testified that Maniaci stated on recorded phone calls that the 860 Kibbey Drive Apartment C address was his residence. (Dec. 22, 2016 Supp. Hrg. at 49). During their investigation, the task force learned from the confidential informant that Maniaci resided in the apartment with his girlfriend. Detective Isom further indicated at the suppression hearing that a motor vehicle records search revealed the girlfriend's license plates were registered with the 860 Kibbey Drive Apartment C address.

{¶28} Based upon the record, we find reliable evidence connecting Maniaci's drug dealing activity to the 860 Kibbey Drive Apartment C residence. Specifically, because the quantity of drugs and the repeated nature of the transactions, it was reasonable to conclude that Maniaci was engaged in ongoing drug trafficking. Thus, it was reasonable to infer that evidence of illegal activity would be found at Maniaci's residence. In other words, the record reveals facts from which a judge can infer a fair probability of finding evidence in the residence connected to Maniaci's known drug trafficking. In considering the totality of the circumstances, we conclude that the search warrant and supporting affidavit contained sufficient specific, reliable information to reasonably establish that there was probable cause to believe evidence of drug trafficking activity would be found inside the residence once the triggering conditions occurred.

{¶29} With respect to the third "triggering condition," Maniaci contends that the warrant can only be read as requiring Maniaci to have the cocaine on his person *when he leaves the apartment* as a condition precedent to its execution. The supporting affidavit states that "[t]he execution of this search warrant will not take please unless MARMET Detectives observe Will Maniaci leave 860 Kibby [sic] Dr. Apartment C. and cocaine is located on his person at the time of arrest;" and the search warrant itself stated that "[y]ou are commanded that search may be executed only on completion of a controlled phone call to William Maniaci, him leaving the

860 Kibby [sic] Dr. apartment C address in Marion, Ohio and after finding cocaine on his person." In reviewing these documents, we simply find no basis to support Maniaci's limited reading of the language in the search warrant and therefore find the argument is without merit.

{¶30} In any event, even if the affidavit did omit certain details necessary for a probable-cause determination, the search should be upheld because the executing law enforcement officers reasonably and in good faith relied on the warrant. The affidavit here is not a "bare bones" affidavit that fails to identify *some* connection, regardless of how remote it may have been, between the criminal activity at issue and the place to be searched. *See United States v. Laughton*, 409 F.3d 744, 750 (6th Cir. 2005) (emphasis in original). The United States Supreme Court has held, "[W]hen an officer acting with objective good faith has obtained a search warrant from a judge or magistrate and acted within its scope ... there is no police illegality and thus nothing to deter [by excluding evidence found during the search]." *United States v. Leon*, 468 U.S. 897, 920-21 (1984). Therefore, the evidence would not be excluded if it was found during a search executed pursuant to an invalid warrant, as long as the officers reasonably relied on the warrant. However, since we have found that the warrant and affidavit in support established probable cause to search the residence at issue, we find that the affidavit is not so lacking in any indicia of probable cause as to make any reliance upon it unreasonable.

{¶31} In sum, we conclude the record demonstrates that the judge issuing the anticipatory search warrant could have reasonably concluded that there was a fair probability that contraband or evidence of a crime would be found in the residence at issue if the triggering conditions occurred, and that there was probable cause to believe that the triggering conditions were going to occur. Therefore, we find that the trial court did not err in overruling Maniaci's motion to suppress the evidence obtained after the execution of the search warrant of the 860 Kibbey Drive Apartment C residence. Accordingly, the assignments are overruled and the judgment is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**