[Cite as *State v. Reece*, 2017-Ohio-8789.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  9-17-27

      v.

SHADA L. REECE,                        O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Trial Court No. 2016 CR 0428

Judgment Affirmed

Date of Decision:  December 4, 2017

APPEARANCES:

     *Caleb Carson, III* for Appellant

     *Kevin P. Collins for* Appellee

**PRESTON, P.J.**

{¶1} Defendant-appellant, Shada L. Reece ("Reece"), appeals the June 7, 2017 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from an investigation that took place in Marion, Ohio. In June of 2016, law enforcement officers in Marion conducted a controlled drug buy from William Maniaci ("Maniaci"). As part of that operation, a confidential informant ("CI") picked up Maniaci at the Avalon Lakes apartment complex and drove Maniaci to several locations before dropping him off near Chestnut Street, where the CI purchased cocaine from Maniaci. On August 11, 2016, law enforcement observed Maniaci depart from an address on Kibbey Drive at which Maniaci was known to reside with Reece. That same day, law enforcement requested and obtained an anticipatory search warrant for Maniaci's residence. The execution of that search warrant produced items indicative of drug activity.

{¶3} On August 25, 2016, the Marion County Grand Jury returned a joint indictment in which it indicted Reece on Count One of possession of cocaine in violation of R.C. 2925.11(A),(C)(4), a felony of the first degree; Count Two of possession of heroin in violation of R.C. 2925.11(A),(C)(6), a felony of the first degree; and Count Three of tampering with evidence in violation of R.C.

2921.12(A), a felony of the third degree.[1] (Doc. No. 2). Counts One and Two included major drug offender (MDO) specifications under R.C. 2941.1410 alleging that Reece is a major drug offender as defined in R.C. 2929.01(w). (*Id.*). Counts One and Two also included forfeiture specifications under R.C. 2941.1417 seeking the forfeiture of a gun safe and certain firearms allegedly used in the commission of Counts One and Two, as well as the forfeiture of $15,673.00 in currency related to those counts. (*Id.*). On August 29, 2016, Reece appeared for arraignment and pled not guilty to the counts and specifications in the joint indictment. (Doc. No. 7).

{¶4} On October 21, 2016, Reece filed a motion to suppress evidence. (Doc. No. 21). In that motion, Reece sought the suppression of evidence obtained during the search of the residence on Kibbey Drive, arguing that the search warrant was not supported by probable cause because the affidavit in support of it contained stale information, because the affidavit contained only conclusory assertions with no specific mention of the residence in question and no observations of criminal activity at that location, and because the affidavit did not contain indications that the CI was reliable. The trial court held a suppression hearing on December 22, 2016 and, on December 28, 2016, the trial court denied Reece's motion to suppress evidence. (Doc. No. 29).

---

[1] The joint indictment also included charges against Maniaci. (Doc. No. 2). Because Reece brings this appeal, we will discuss only charges relevant to Reece.

{¶5} On March 23, 2017, the State filed a joint superseding indictment indicting Reece and co-defendant Maniaci with a total of five counts, as well as various specifications. (Doc. No. 63). The joint superseding indictment charged Reece with the same counts and specifications included in the joint indictment, as well as a firearm specification under R.C. 2941.141 as to Counts One and Two. (*Id.*).[2]

{¶6} Reece appeared for arraignment on March 28, 2017 and pled not guilty to the relevant counts and specifications in the joint superseding indictment. (Doc. No. 72).

{¶7} On April 6, 2017, pursuant to a negotiated plea agreement, Reece appeared and pled no contest to Count Three and to an amended Count One.[3] (Doc. No. 118). Count Two, as well as the MDO and forfeiture specifications as to Counts One and Two, were dismissed. (*Id.*). The trial court accepted the plea of no contest and found Reece guilty. (*Id.*). The trial court sentenced Reece to two years in prison as to Count One and two years of community control as to Count Three. (*Id.*). The trial court filed its judgment entry of sentence on June 7, 2017. (*Id.*).

---

[2] The joint superseding indictment charged Maniaci with several counts and specifications, including some relevant to Maniaci but not to Reece. (Doc. No. 63). Again, we will discuss only counts and specifications relevant to Reece's appeal.

[3] Count One was amended so as to make the offense a felony of the second degree rather than a felony of the first degree. (Doc. No. 118).

{¶8} Reece filed her notice of appeal on June 23, 2017. (Doc. No. 121). She brings three assignments of error for our review, which we address together.

**Assignment of Error No. I**

**The Trial Court Erred When It Determined That The Anticipatory Warrant To Search The Residence In Question Was Supported By Sufficient Probable Cause.**

**Assignment of Error No. II**

**The Trial Court Erred When It Determined That The Triggering Conditions In The Affidavit Of The Anticipatory Warrant To Search Supported Probable Cause that Drugs Would Be Found At The Residence In Question.**

**Assignment Of Error No. III**

**The Good[-]Faith Exception To The Exclusionary Rule Does Not Apply To Validate The Anticipatory Search Warrant.**

{¶9} In her first assignment of error, Reece argues that the trial court erred when it determined that the anticipatory warrant to search the residence in question is supported by probable cause. Specifically, Reece argues that the warrant is not supported by probable cause because the affidavit alludes to a controlled drug buy that took place two months prior at a location other than the residence that was ultimately searched. Reece further argues that the warrant was not supported by probable cause because it indicates that Maniaci was driven to many locations before he was dropped off at an address near Chestnut Street, and the CI did not observe Maniaci in possession of drugs at the residence searched. Reece also argues

that the warrant is not supported by probable cause because the affidavit in support of the warrant does not indicate that Maniaci lived at the residence searched or that he frequented that location.

{¶10} In her second assignment of error, Reece argues that the trial court erred when it found that the triggering conditions identified in the warrant provided probable cause to believe drugs would be found at the residence in question. Specifically, Reece argues that the conditions in question did not give rise to probable cause to believe that there were drugs in the home because Maniaci was not arrested immediately after leaving the residence, but rather was arrested after entering and exiting two vehicles from which drugs may have been obtained. Reece also argues that Maniaci's departure from the residence in question after a phone call was insufficient because there were no prior instances of such an event during the investigation.

{¶11} In her third assignment of error, Reece argues that the good-faith exception to the exclusionary rule does not validate the search conducted under the anticipatory search warrant. Specifically, Reece argues that the good-faith exception does not apply because the affidavit in support of the warrant was so lacking in indicia of probable cause that belief in the existence of probable cause was entirely unreasonable.

{¶12} A review of the denial of a motion to suppress involves mixed questions of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to evaluate the evidence and the credibility of witnesses. *Id. See also State v. Carter*, 72 Ohio St.3d 545, 552 (1995). When reviewing a ruling on a motion to suppress, "an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Burnside* at ¶ 8, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). With respect to the trial court's conclusions of law, however, our standard of review is de novo, and we must independently determine whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706 (4th Dist.1997).

{¶13} "Probable cause" means less evidence than would permit condemnation such that only probability, and not a showing of criminal activity, is the standard of probable cause. *State v. George*, 45 Ohio St.3d 325, 329 (1989), paragraph two of the syllabus.

{¶14} When reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant, our duty is simply to "ensure that the magistrate had a substantial basis for concluding that probable cause existed." *George* at 325 citing *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317 (1983). We must not conduct "a de novo determination as to whether the affidavit contains

sufficient probable cause upon which the court would issue the search warrant," but rather accord great deference to the trial court's determination of probable cause and resolve marginal cases in favor of upholding the warrant. *George* at paragraph two of the syllabus. We recognize that the duty of the issuing official is simply to make a "practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and the 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 329, citing *Gates* at 238-239. When reviewing the sufficiency of probable cause offered in support of a warrant, a reviewing court is bound to consider only the information available to the judge or magistrate at the time the warrant was issued. *State v. Garza*, 3d Dist. Henry No. 7-13-04, 2013-Ohio-5492, ¶ 10, citing *State v. Graddy*, 55 Ohio St.2d 132, 134 (1978). This often means that a court is bound to consider only what is within the four corners of the affidavit in support of the search warrant, as the affidavit is often the only evidence before an issuing judge or magistrate. *Id.*

{¶15} A valid affidavit in support of a search warrant must contain timely information so as to justify a finding of probable cause at the time the warrant issues. *State v. Fayson*, 3d Dist. Seneca No. 13-17-08, 2017-Ohio-7793, ¶ 16, citing *State v. Prater*, 12th Dist. Warren No. CA 2001-12-114, 2002-Ohio-4487, ¶ 11. The issue is whether the facts alleged in the warrant create a reasonable basis to conclude that

evidence of criminal activity remains on the premises to be searched. *Id.* Whether information is stale within the context of a particular case depends on a number of factors, including the character of the crime, the character of the criminal, the nature of the thing to be seized, and the nature of the place to be searched. *State v. Cook*, 5th Dist. Muskingum Nos. 2010-CA-40 and 2010-CA-41, 2011-Ohio-1776, ¶ 23. Even if some information that forms the basis of a probable cause is stale, when recent information corroborates otherwise stale information, probable cause may be found. *State v. Ingold*, 10th Dist. Franklin No. 07AP-648, 2008-Ohio-2303, ¶ 35.

{¶16} The Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution protect individuals against unreasonable searches and seizures by the government, and they protect privacy interests where an individual has a reasonable expectation of privacy. *State v. Fielding*, 10th Dist. Franklin Nos. 13AP-654 and 13AP-655, 2014-Ohio-3105, ¶ 15, quoting *Smith v. Maryland*, 442 U.S. 735, 740, 99S.Ct. 2577 (1979). An expectation of privacy is protected where an individual has manifested a subjective expectation of privacy and that expectation is one that society recognizes as reasonable. *Id.*, citing *Smith* at 740, citing *Katz v. United States*, 389 U.S. 347, 361 (1967) (Harlan, J., concurring). While the Fourth Amendment does not specifically provide that unlawful searches and seizures will result in the suppression of ill-gotten evidence, the United States Supreme Court has held that the exclusion of evidence is an

essential part of the Fourth Amendment. *State v. Jenkins*, 3d Dist. Union No. 14-10-10, 2010-Ohio-5943, ¶ 9, citing *Mapp v. Ohio*, 367 U.S. 643, 649, 81 S.Ct. 1684 (1961) and *Weeks v. United States*, 232 U.S. 383, 394, 34 S.Ct. 341 (1914).

{¶17} The exclusionary rule should not bar the use of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate even if that warrant is ultimately found to be unsupported by probable cause. *George* at 325, citing *U.S. v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984). Exclusion remains proper, however, where the magistrate or judge who issued the warrant was misled by information in the affidavit that the affiant knew was false or would have known was false if not for reckless disregard of the truth, where the magistrate wholly abandoned his judicial function in issuing the warrant, where the affidavit is "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable," or where the warrant is so facially deficient that officers cannot reasonably presume its validity. *Id.* at 331, citing *Leon* at 923.

{¶18} An anticipatory search warrant is a search warrant based on an affidavit that provides probable cause to believe that, at some future time rather than presently, evidence of a crime will be located in a particular place. *State v. Blevins*, 3d Dist. Marion No. 9-06-40, 2007-Ohio-6972, ¶ 21, quoting *US v. Grubbs*, 547 U.S. 90, 93, 126 S.Ct. 1494 (2006). Anticipatory search warrants are no different

from ordinary search warrants in that they require the issuing official to determine (1) that it is now probable that (2) contraband, evidence of a crime, or a fugitive will be on the identified premises (3) when the warrant is executed. *Id.*, quoting *id.* Such warrants are often subjected to some condition precedent other than the mere passage of time—called a "triggering condition." *Id.*, quoting *id.* For such warrants to comply with the constitutional requirement of probable cause, it must be shown, not only that contraband will probably be at a location in the event a triggering condition occurs, but also that the triggering condition is itself likely to occur. *Id.*, quoting *id.*

{¶19} In the affidavit in support of the search warrant, the affiant provided generally the following information: On June 16, 2016, a CI made a controlled purchase of cocaine from Maniaci. The CI picked Maniaci up from the Avalon Lakes apartment complex and drove him to several locations before purchasing cocaine from Maniaci near Chestnut Street. After the controlled buy, Detective Andrew Isom ("Detective Isom") of the Marion Police Department viewed an audio-visual recording of the CI's interaction with Maniaci and found that recording to be consistent with the events related by the CI. The recording included Maniaci's discussing the possession of narcotics. On August 11, 2016, law enforcement saw Maniaci depart a known address on Kibbey Drive. Law enforcement planned to search Maniaci's residence if the CI placed a telephone call to Maniaci to arrange

the purchase of cocaine, Maniaci left the residence on Kibbey Drive, and Maniaci was found with cocaine on his person at the time of his arrest on an outstanding arrest warrant. (Doc. No. 21).

{¶20} Where an affidavit in support of a search warrant indicates an ongoing relationship spanning several weeks between a CI and the target of a drug investigation, such information supports probable cause for a search. *State v. Maniaci*, 3d Dist. Marion No. 9-17-14, 2017-Ohio-8270, ¶ 26. Such is all the more the case when the target of the investigation involved the CI in drug-related activity and boasted to the CI regarding the quantity of drugs he could sell. *Id.* Because drug traffickers tend to keep evidence of their illicit activities in their residences, evidence of an individual's drug trafficking supports probable cause to search his residence even where observed illegal activity is not at or near the residence to be searched. *State v. Myers*, 9th Dist. Summit No. 27576, 2015-Ohio-2135, ¶ 13.

{¶21} In the present case, the evidence indicates an ongoing relationship between the CI and Maniaci such that Maniaci both sold drugs to the CI and was comfortable enough in the presence of the CI to have the CI accompany him to various locations around Marion while Maniaci boasted about the quantity of drugs he had for sale. *Maniaci* at ¶ 26. Even if we assume without holding that such information is too stale to provide the basis for a search of Maniaci's residence less than two months later, such evidence at a minimum establishes his involvement in

the drug trade. We further note that law enforcement observed Maniaci with drugs on his person the very day the warrant was issued prior to the search of Maniaci's residence, and this cures any potential difficulty with staleness. *State v. Taylor*, 174 Ohio App.3d 477, 484, 2007-Ohio-7066, ¶ 19 (First Dist.). Evidence of drug trafficking, without more, furnishes probable cause to search Maniaci's residence because drug traffickers often keep evidence of their illicit activities in their residences. *Myers* at ¶ 13. Particularly in light of the fact that the law requires us to accord broad deference to the determinations of probable cause by the issuing judge, we conclude that the issuing judge had a substantial basis for concluding that probable cause existed. *Maniaci* at ¶ 26; *Taylor* at ¶ 19; *Myers* at ¶ 13.

{¶22} For the reasons explained above, Reece's first and second assignments of error are overruled.

{¶23} Because we have found that probable cause supported the issuance of the search warrant, Reece's assertions pertaining to the good-faith exception to the warrant requirement are rendered moot. *State v. Cook*, 3d Dist. Putnam No. 12-02-12, 2003-Ohio-1794, ¶ 12.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**